1  WO                                                                                    **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Thomas Braley,                          )   No. CV 1-08-0758-MHM
                                        )
       Plaintiff,                   )   **ORDER TO SHOW CAUSE**
                                        )
vs.                                     )
                                        )
California Department of Corrections and)
Rehabilitation, et al.,                 )
                                        )
       Defendants.                  )
_____)

## I.    Background

Plaintiff Thomas D. Braley, who is confined in the California Substance Abuse Treatment Facility, in Corcoran, California, filed a pro se civil rights Complaint pursuant to U.S.C. § 1983 and several motions for temporary restraining orders and/or preliminary injunction (Doc. ## 1, 4, 8-9, 11, 13). Before screening of the Complaint, Plaintiff filed a Motion to Amend his Complaint (Doc. # 23). By Order dated February 12, 2009, the Court granted Plaintiff's motion to amend (Doc. # 17). The Court also denied Plaintiff's pending motions for injunctive relief, as no live Complaint was pending before the Court (id.). The Court ordered Plaintiff to submit an amended complaint by March 12, 2009. On March 11, 2009, Plaintiff filed a motion for extension of time requesting an additional 30 days to file an amended complaint. The Court granted Plaintiff's motion; Plaintiff was directed to file an amended complaint by April 27, 2009. To date, Plaintiff has not filed an amended complaint.

JDDL

1 | Instead, Plaintiff has filed a new Motion to Proceed *In Forma Pauperis*, a Motion for
2 | Certificate of Appealability, and Motion to Stay (Doc. ## 20, 22, 25). And on March 30,
3 | 2009, Plaintiff filed a notice of appeal as to the Court's February 12, 2009 Order, which was
4 | dismissed for lack of jurisdiction on May 1, 2009 (Doc. ## 21, 27).

**II.     Pending Motions**

    **A.     Motion to Proceed *In Forma Pauperis***

Plaintiff has already been granted leave to proceed *in forma pauperis* (Doc. # 6). Consequently, Plaintiff's instant motion will be denied as moot. To the extent Plaintiff sought leave to proceed *in forma pauperis* on appeal, his appeal has been dismissed and his request is moot.

    **B.     Motion for Certificate of Appealability and Motion to Stay**

As stated, Plaintiff's appeal has been dismissed (Doc. # 27). Consequently, Plaintiff's requests for a certificate of appealability and for a stay are moot and will be denied.

    **C.     Plaintiff's Notice of Bias**

Plaintiff has also filed an "Affidavit of Bias and Prejudice of District Judge" (Doc. # 26). The affidavit does not affirmatively seek any relief, but the Court construes the motion as one for recusal.

A motion to recuse a judge, whether it is based on 28 U.S.C. § 455(a), 28 U.S.C. § 455(b)(1) or 28 U.S.C. § 144, must demonstrate that any alleged bias or impartiality stems from extrajudicial conduct, *i.e.*, a litigant may not seek recusal based on a prior adverse ruling in the case. See Hasbrouck v. Texaco, Inc., 830 F.2d 1513 (9th Cir. 1987) (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)) (28 U.S.C. § 455(a) & (b)(1)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (same); United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (28 U.S.C. § 144). Plaintiff has not demonstrated or even suggested any extrajudicial bias. Accordingly, to the extent that Plaintiff's affidavit seeks any relief, that request will be denied.

///

///

## III. Failure to Comply with the Court's February 12, 2009 and March 27, 2009 Orders

Plaintiff has not filed an amended complaint as directed by the Court's Orders, despite being provided additional time to do so. Plaintiff must therefore show cause within 20 days of the filing date of this Order why this action should not be dismissed for failure to prosecute.

## IV. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Proceed *In Forma Pauperis*, Motion for Certificate of Appealability, and Motion to Stay (Doc. ## 20, 22, 25) **are all denied as moot**.

(2) To the extent that Plaintiff's Affidavit of Bias (Doc. # 26) requests any relief, that request is denied.

(3) Within 20 days of the filing date of this Order, Plaintiff must show cause why this action should not be dismissed for failure to comply with the Court's Orders.

(4) If Plaintiff fails to file a response to this Order to Show Cause within 20 days,

the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

DATED this 12th day of May, 2009.

Mary H. Murguia
United States District Judge

- 4 -