

WO **JWB**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Braley,<br><br>    Plaintiff,<br><br>vs.<br><br>California Department of Corrections and Rehabilitation, et al.,<br><br>    Defendants. | No. CV 1-08-0758-MHM<br><br>**ORDER** |

In a May 14, 2009 Order to Show Cause, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. Plaintiff has failed to file a First Amended Complaint after he filed a motion to amend his original complaint and has not responded to the Order to Show Cause.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action, or part thereof, if a plaintiff "fails to prosecute or to comply with these rules or a court order." Unless otherwise specified, the dismissal acts as an adjudication on the merits. Fed. R. Civ. P. 41(b). District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

The Ninth Circuit allows dismissal under Rule 41(b) only after the district court has weighed the following five factors: (1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

Here, the first three factors weigh in favor of dismissal—Plaintiff has failed to respond to the Court's Orders and has failed to submit an amended pleading that he sought leave to file, which seriously undermines the public's interest in expeditious resolution of litigation.

The Court's need to manage its docket is best served by dismissal. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (public's interest in expeditious resolution of litigation and court's need to manage its docket generally supports court's decision to dismiss). This case has been pending for over one year and there is no active complaint. Moreover, there is no risk of prejudice to Defendants to dismiss this action.

The fourth factor, which favors disposition of cases on their merits, rarely supports dismissal. But the fifth factor weighs in favor of dismissal. The Court "need not exhaust every sanction short of dismissal before finally dismissing a case." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). The Court repeatedly gave notice to Plaintiff that failure to comply with Court Orders could result in the dismissal of his case (Doc. ## 17 at 3, Doc. # 19 at 2, Doc. # 28 at 3). These warnings are sufficient to show that the Court considered less drastic alternatives. See Ferdik, 963 F.2d at 1262.

In conclusion, four of the five factors support dismissal of this action for Plaintiff's failure to file a First Amended Complaint or respond to the Order to Show Cause. This action will be dismissed.

/ / /

**IT IS ORDERED** that this action is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court must enter a judgment of dismissal accordingly.

DATED this 26th day of June, 2009.

_____
Mary H. Murgula
United States District Judge